1510037

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:19-cv-1444-ORL-41-GJK

NATIONWIDE INSURANCE COMPANY OF
AMERICA, a foreign corporation,

    Plaintiff,

v.

SOUTHLAND LAWN CARE, INC.; ANTHONY
ACQUAFREDDA; and DIANE WOLFE, JOHN
WOLFE and DON WOLFE, as co-personal
representatives of the Estate of Michael Wolfe,
Deceased,

    Defendants.
_____/

## PETITION FOR DECLARATORY RELIEF AND DECREE

COMES NOW, the Plaintiff, NATIONWIDE INSURANCE COMPANY OF AMERICA ("Nationwide") by and through its undersigned counsel, and herein files its Petition for Declaratory Relief and Decree against the Defendants SOUTHLAND LAWN CARE, INC. ("Southland"), ANTHONY ACQUAFREDDA, and DIANE WOLFE, JOHN WOLFE and DON WOLFE, as co-personal representatives of the Estate of Michael Wolfe, Deceased ("Wolfe"):

1.     This is an action for declaratory decree and relief pursuant to the provisions of the Federal Declaratory Judgment Act (FDJA), 28 U.S.C., Section 2201 and 2202, and Chapter 86, Florida Statutes.

2.     The amount is controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

3. Jurisdiction of this action is present under the provisions of 28 U.S.C., Section 1332.

4. Venue is appropriate in the above Division of this Court because a substantial part of the events and/or omissions giving rise to this action occurred and/or accrued in Brevard County, Florida.

5. At all material times hereto, the Plaintiff, Nationwide, was and is a foreign corporation with its principle place of business located in Ohio and is thus, a citizen of Ohio.

6. At all material times hereto, the Defendant Southland was and is a Florida corporation doing business in Brevard County, Florida and is thus, a citizen of the State of Florida.

7. At all material times hereto, the Defendant Acquafredda was *sui juris*, residing in Brevard County, Florida and is thus, a citizen of the State of Florida.

8. At all material times hereto, the Defendants Diane Wolfe, John Wolfe and Don Wolfe were the duly appointed co-personal representatives of The Estate of Michael Wolfe, deceased. As a consequence, the Estate of Michael Wolfe, deceased, is for jurisdiction purposes, a citizen of the State of Florida.

9. Nationwide was placed on notice of a claim asserted by Wolfe against Southland and Anthony Acquafredda as a result of a motor vehicle accident occurring on September 28, 2015 in Merritt Island, Florida, that resulted in the death of the decedent, Michael Wolfe.

10. With respect to the facts and circumstances giving rise to the claim alleged in Paragraph 8, above, Michael Wolfe, Jose Benito Martinez Molina and Jonathan Montero were occupying a truck owned by Michael Wolfe which was being operated in a westerly direction on

Aurora Road in Merritt Island, Brevard County, Florida. At that time and place, the truck was towing a trailer owned by the Defendant Anthony Acquafredda.

11. Further, as more particularly set forth below, Wolfe, Molina and Montero were, at the date, time and location of the subject accident, acting within the course and scope of their employment by the Defendant, Southland.

12. The trailer, at some point in time, became detached from the truck and, upon noticing that the trailer had been detached from the truck, the decedent, Wolfe, who was operating the truck, brought the truck to a stop.

13. Thereafter, upon information and belief, Wolfe and Molina exited the truck and were attempting to re-attach the trailer to the truck when the trailer was impacted from the rear by another vehicle.

14. The trailer, thereafter, struck or otherwise came into contact with the decedent, Michael Wolfe, resulting in fatal injuries.

15. On the 11th day of April, 2016, Diane Wolfe, John Wolfe and Don Wolfe, in their capacity as co-personal representatives of the Estate of Michael Wolfe, brought a lawsuit in the Circuit Court of the 18th Judicial Circuit, in and for Brevard County, Florida, Case No. 05-201-CA-02210 (the "Lawsuit") against, *inter alia*, Southland and Anthony Acquafredda (the "Original Complaint"). A true and correct copy of the Original Complaint in the Lawsuit is attached hereto and made a part hereof as Exhibit 1.

16. Thereafter, the Original Complaint was amended on several occasions and, currently, the Lawsuit is proceeding under the allegations of a Second Amended Complaint (the "Second Amended Complaint") which was filed on January 25, 2019. A true and correct copy of the Second Amended Complaint is attached hereto and made a part hereof as Exhibit 2.

17. The Second Amended Complaint in the Lawsuit contains the following allegations that are material to the issues raised in this Petition for Declaratory Relief and Decree:

### A. GENERAL ALLEGATIONS

\* \* \* \* \*

### COUNT 1: NEGLIGENCE OF DEFENDANT ANTHONY ACQUEFREDDA [sic]

\* \* \* \* \*

9. Defendant, ANTHONY ACQUAFREDDA was negligent in that he allowed and or directed the decedent to use the trailer at issue in this case, and or failed to properly maintain the trailer causing the trailer to have a dangerous condition.

10. Defendant, ANTHONY ACQUAFREDDA was negligent in that he failed to properly attach the trailer and or safety chains to the truck at issue in this case, causing the accident and death of the decedent.

11. The trailer owned by ACQUEFREDDA [sic] did not have: (1) a legal and or valid tag which would have provided illumination; (2) operational tail lights, running lights, or any other sort of illumination required by law; (3) operational brake lights and or wiring; (4) matching tires that were of legal lawful tread and of good operation; (5) properly operating hitch tong and receiver; (6) chains or safety cables, or other safety devices be of sufficient strength to maintain connection to the trailer causing the decedent to expire.

12. Defendant, ACQUEFREDDA [sic], was negligent in that he allowed and or demanded that decedent utilize the trailer in this case, without warning him of the dangerous condition of the trailer, failed to provide cones, flares, safety vests, or any other instruments that would have warned approaching motorists and would have caused the accident in this case not to occur, and failed to properly advise and or train the decedent and or MOLINA, what to do in the case of an emergency like the one that occurred in this case.

\* \* \* \* \*

### COUNT II: LIABILITY OF ANTHONY ACQUEFREDDA [sic] VIA *RESPONDEAT SUPERIOR*

\* \* \* \* \*

4

18. In the alternative, that on or about September 28, 2015, the Plaintiffs decedent was operating a truck and trailer in the Melbourne, Brevard County, Florida, when the trailer became unattached from the truck because of MOLINA's negligence when he failed to properly attach the trailer to the truck hitch and safety chains or cables causing the decedent to expire.

19. MOLINA, who was also in the course and scope of his employment with Defendant, ACQUAFREDDA, was attempting to direct traffic, and inform oncoming motorist of the truck and trailer in the roadway when he failed to properly do so when the decedent was killed when he was pinned in between the trailer and the decedent's truck.

20. ACQUEFREDDA [sic] is liable for via *respondeat superior* for the negligence of his agents and or servant, MOLINA, who allowed and or directed the decedent to use the trailer at issue in this case when it did not have: (1) a legal and or valid tag which would have provided illumination; (2) operational tail lights, running lights, or any other sort of illumination required by law; (3) operational brake lights and or wiring; (4) matching tires that were of legal lawful tread and of good operation; (5) properly operating hitch tongue and receiver; (6) chains or safety cables, or other safety devices be of sufficient strength to maintain connection to the trailer or semitrailer is being towed.

21. ACQUEFREDDA [sic] is liable for the acts of his servant MOLINA, who failed to provide cones, flares, safety vests, or any other implement that would have caused the accident in this case not to occur, and failed to properly advise and or train the decedent what to do in the case of an emergency like the one that occurred in this case.

\* \* \* \* \*

### C. COUNT III:
### LIABILTY OF DEFENDANT SOUTHLAND LAWN CARE, INC. VIA *RESPONDEAT SUPERIOR*

\* \* \* \* \*

28. In the alternative the Decedent was in the course and scope of his employment, as was MOLINA, and ACQUAFREDDA, as employees of Defendant SOUTHLAND LAWN CARE, INC., who is liable via *respondeat superior* for the acts of MOLINA and ACQUAFREDDA complained of herein. MOLINA and ACQUAFREDDA were, at all times material to this action employees of Defendant SOUTHLAND LAWN CARE, INC., MOLINA and/or ACQUAFREDDA were both negligent in that they failed to and owed a duty to the decedent to provide him with a safe and properly working and operational trailer at issue in this case, leading to the decedents death in this case, as the trailer failed to have: (1) a legal and or valid tag , which would have provided illumination; (2) operational tail lights, running lights, or any other sort of

illumination required by law; (3) operational brake lights and or wiring; (4) matching tires that were of legal lawful tread and of good operation; (5) properly operating hitch tongue and receiver; (6) chains or safety cables, or other safety devices be of sufficient strength to keep the trailer attached to the truck, which directly led to the decedents death.

29. ACQUAFREDDA and/or MOLINA were also negligent that it allowed and or demanded that the decedent utilize the trailer in this case, without warning him of the dangerous condition of the trailer, and further failed to provide cones, flares, safety vests, or any other implement that would have caused the accident in this case not to occur, and failed to properly advise and or train the decedent and or MOLINA, what to do in the cause of an emergency like the one that occurred in this case. Defendant, ACQUAFREDDA failed to properly train the decedent or MOLINA, and MOLINA was negligent and failed to act with reasonable care as to prevent said motor vehicle from colliding with the Decedent. MOLINA, an employee of Defendant SOUTHLAND LAWN CARE, INC., was also negligent, causing the decedent to expire, which creates *respondeat superior* liability for Defendant SOUTHLAND LAWN CARE, INC. ACQUAFREDDA, an employee of Defendant SOUTHLAND LAWN CARE, INC., was also negligent, causing the decedent to expire, which creates *respondeat superior* liability for Defendant SOUTHLAND LAWN CARE, INC.

30. As a direct and proximate result of the aforementioned negligence of the Defendant, SOUTHLAND LAWN CARE, INC.'S agents, servants, MOLINA and ACQUAFREDDA, who at the time of the accident were acting within the scope of said employment with Defendant, SOUTHLAND LAWN CARE, INC., their actions, individually, and in concert with each other, caused the decedent to expire.

\* \* \* \* \*

### D. COUNT IV:
### NEGLIGENCE OF DEFENDANT SOUTHLAND LAWN CARE, INC.

\* \* \* \* \*

34. In the alternative Defendant SOUTHLAND LAWN CARE, INC., owed a duty to the decedent but failed in that duty to provide him with a safe and properly working and operational trailer, leading to the decedents death in this case, as the trailer failed to have: (1) a legal and or valid tag, which would have provided illumination; (2) operational tail lights, running lights, or any other sort of illumination required by law; (3) operational brake lights and or wiring; (4) matching tires that were of legal lawful tread and of good operation; (5) properly operating hitch tongue and receiver; (6) chains or safety cables or other safety devices be of sufficient strength to keep the trailer attached to the truck, which directly led to the decedents death.

35. Defendant, SOUTHLAND LAWN CARE, INC., was also negligent in that it allowed and or demanded that the decedent utilize the trailer in this case, without warning him of the dangerous condition of the trailer, and further failed to provide cones, flares, safety vests, or any other implement that would have caused the accident in this case not to occur, and failed to properly advise and or train the decedent and or MOLINA, what to do in the case of an emergency like the one that occurred in this case. Defendant, SOUTHLAND LAWN CARE, INC., failed to properly train the decedent or MOLINA how to deal with situations such as the one that occurred in this case.

18. On the date of the subject accident, alleged above, there was, in force and effect, a policy of commercial general liability insurance issued by Nationwide to its named insured, Southland, Policy No. ACP GLZ0 5944720720 (the "Nationwide Policy"). A true and correct copy of the Nationwide Policy is attached hereto and made a part hereof as Exhibit 3.

19. The Nationwide Policy contains the following provisions that are material to the issues raised in this Petition for Declaratory Relief and Decree:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   \* \* \* \* \*

2. **Exclusions**

   This insurance does not apply to:

   \* \* \* \* \*

   e. **Employer's Liability**

      "Bodily injury" to:

      **(1)**    An "employee" of the insured arising out of and in the course of:

           **(a)**    Employment by the insured; or

           **(b)**    Performing duties related to the conduct of the insured's business; or

\* \* \* \* \*

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \* \* \*

**g.** **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

\* \* \* \* \*

**SECTION II – WHO IS AN INSURED**

**1.**    If you are designated in the Declarations as:

\* \* \* \* \*

      **d.**    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

8

\* \* \* \* \*

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

      (1) "Bodily injury" or "personal and advertising injury":

         (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business.

\* \* \* \* \*

**SECTION V – DEFINITIONS**

\* \* \* \* \*

2. "Auto" means:

   a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

   b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

   However, "auto" does not include "mobile equipment".

\* \* \* \* \*

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \* \* \*

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\* \* \* \* \*

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. Following the filing and service of the Lawsuit, Southland and Anthony Acquafredda requested defense and indemnification from Nationwide under the terms and conditions of the Nationwide Policy.

21. Nationwide has assumed the defense of Southland and Anthony Acquafredda under a full and complete reservation of rights and has appointed defense counsel for Southland and Anthony Acquafredda.

22. Notwithstanding the foregoing, there are, as more particularly set forth in this Petition for Declaratory Relief and Decree, terms, conditions, definitions, limitations and/or exclusions contained within the Nationwide Policy which serve to preclude coverage for some or all of the claims asserted by the Estate of Michael Wolfe in the Lawsuit.

23. As a consequence, Nationwide is in doubt as to whether or not it is obligated to defend and/or indemnify Southland and/or Anthony Acquafredda in connection with the allegations and claims asserted against them in the Lawsuit and, consequently, is in need of a declaration of its rights, duties, and obligations under the Nationwide Policy.

24. This doubt creates a current and present controversy between Nationwide, on the one hand, and Southland, Anthony Acquafredda and the Estate of Michael Wolfe, on the other hand.

25.     This Petition for Declaratory Relief and Decree is not made for the purposes of seeking a legal opinion, but is needed to resolve an existing dispute which creates doubt between the parties as to their legal rights, responsibilities and obligations.

### COUNT I – "AUTO" EXCLUSION

26.     The Plaintiff, Nationwide, re-adopts and re-alleges Paragraphs 1 through 23 above and alleges further:

27.     The Nationwide Policy contains an exclusion, Exclusion 2(g), which states as follows:

> **g.     Aircraft, Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> > This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

28.     The definitions contained in the Nationwide Policy define "Auto" as follows:

> **2.     "Auto" means:**
>
> > a.     A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or…

29.     Since the trailer is defined as an "Auto" in the Nationwide Policy, the trailer was, therefore, an "auto" that was being operated by an insured, Southland.

30.     Further, the trailer, by definition, constitutes an "Auto" that was owned by the Defendant, Anthony Acquafredda.

11

31. As a consequence, the claims and allegations asserted against Southland and Anthony Acquafredda in the Lawsuit come within the clear and unambiguous provisions, terms and conditions of the Auto Exclusion, quoted in Paragraph 25, above. Consequently, the Auto Exclusion precludes coverage for the claims and allegations currently being asserted against Southland and Anthony Acquafredda in the Lawsuit.

WHEREFORE, Nationwide respectfully requests this Honorable Court adjudicate and decree as follows:

A. That Nationwide has no duty to defend Southland or Anthony Acquafredda for the claims and allegations asserted against them by the Estate of Michael Wolfe in the Lawsuit;

B. That Nationwide has no duty to indemnify Southland or Anthony Acquafredda for any sums that may be awarded or assessed against them by the Estate of Michael Wolfe in the Lawsuit;

C. That this Court award unto Nationwide its lawful costs; and

D. That this Court grant such other relief as the Court deems just and proper.

## COUNT II – EMPLOYERS LIABILITY EXCLUSION

32. The Plaintiff, Nationwide, re-adopts and re-alleges Paragraphs 1 through 29 above and further alleges:

33. The Nationwide Policy contains an exclusion, 2(e), which states as follows:

\* \* \* \* \*

e. **Employer's Liability**

"Bodily injury: to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

   **(b)**  Performing duties related to the conduct of the insured's business; or

* * * * *

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

34. According to the allegations set forth in the Complaint in the Lawsuit, at the time of the accident, heretofore alleged, the decedent, Michael Wolfe, was acting in the course and scope of his employment with Southland.

35. As a consequence, the allegations and claims asserted against Southland in the Lawsuit come within the clear and unambiguous terms, conditions and/or definitions set forth in the Employers Liability Exclusion, quoted above.

36. Consequently, the Employers Liability Exclusion precludes coverage for the claims currently being asserted against Southland in the Lawsuit.

WHEREFORE, Nationwide respectfully requests this Honorable Court adjudicate and decree as follows:

 A. That Nationwide has no duty to defend Southland for the claims and allegations asserted against it by the Estate of Michael Wolfe in the Lawsuit;

 B. That Nationwide has no duty to indemnify Southland for any sums that may be awarded or assessed against it by the Estate of Michael Wolfe in the Lawsuit;

 C. That this Court award unto Nationwide its lawful costs; and

 D. That this Court grant such other relief as the Court deems just and proper.

DATED this 29th day of July, 2019.

        CONROY SIMBERG
        Attorneys for Plaintiff
        Atrium Building, Suite 105
        325 John Knox Road
        Tallahassee, FL 32303
        Telephone: (850) 383-9103
        Facsimile: (850) 383-9109
        Primary Email: eservicetal@conroysimberg.com
        Secondary Email: eherndon@conroysimberg.com

By: _____
     John Edward Herndon, Jr., Esquire
     Florida Bar No. 199702