# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 15, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-10067-AA
Case Style: Nationwide Insurance Company of America v. Diane Wolfe, et al
District Court Docket No: 6:19-cv-01444-CEM-GJK

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| New / Before Briefing Cases: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| Cases in Briefing / After Opinion: | 404-335-6130 | CM/ECF Help Desk: | 404-335-6125 |
| Cases Set for Oral Argument: | 404-335-6141 | | |

OPIN-1A Issuance of Opinion With Costs

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10067

Non-Argument Calendar

_____

NATIONWIDE INSURANCE
COMPANY OF AMERICA,
A foreign corporation,

                                                               Plaintiff-Appellee,

*versus*

DIANE WOLFE, JOHN WOLFE,
DAWN WOLFE, As co-personal representatives
of the Estate of MICHAEL WOLFE, Deceased.

                                                             Defendants-Appellants,

_____

Case 6:19-cv-01444-CEM-DAB   Document 90   Filed 03/15/23   Page 4 of 11 PageID 928
USCA11 Case: 22-10067   Document: 50-1   Date Filed: 03/15/2023   Page: 2 of 9

2                      Opinion of the Court                      22-10067

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01444-CEM-GJK

―――――――――――

Before ROSENBAUM, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

      This appeal is from certain rulings in the district court from a declaratory judgment action filed by Nationwide Insurance Company ("Nationwide") regarding a Commercial General Liability Insurance Policy ("Policy") issued by Nationwide to Southland Lawn Care, Inc. and its owner, Anthony Acquafredda, the insureds ("the insureds") under the Policy. The case relates to an underlying state court wrongful death action filed by Diana, John, and Dawn Wolfe ("the Wolfes") on behalf of decedent, Michael Wolfe ("decedent"). After commencement of the underlying state action, Nationwide filed this suit against the insureds and the Wolfes seeking a declaration as to whether it had a duty to defend or indemnify the insureds in the underlying state action. Nationwide filed a motion for summary judgment that the district court granted as to the insureds and the Wolfes, but only the Wolfes filed a notice of appeal. The Wolfes argue on appeal that the district court erred by denying their motion to strike and motion in limine, and that the district court erred by finding that Nationwide did not have a duty to defend or indemnify the insureds under the Policy. Having read the parties' briefs and reviewed the record, we affirm the district

Case 6:19-cv-01444-CEM-DAB   Document 90   Filed 03/15/23   Page 5 of 11 PageID 929
USCA11 Case: 22-10067   Document: 50-1   Date Filed: 03/15/2023   Page: 3 of 9

22-10067               Opinion of the Court                3

court's order on the motion to strike and motion in limine and the district court's grant of summary judgment to Nationwide on its declaratory judgment action.

### I.

We review the district court's evidentiary rulings for an abuse of discretion. *See Kropilak v. 21st Century Ins. Co.*, 806 F.3d 1062, 1067 (11th Cir. 2015) (motion in limine). We review an order granting summary judgment *de novo*, applying the same legal standards as the district court. *Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020). We view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in his favor. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). "Summary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McCullough v. Antolini*, 559 F.3d 1201, 1204 (11th Cir. 2009) (internal quotation marks omitted).

### II.

With respect to the underlying state court wrongful death action, the pertinent facts are provided in the Second Amended Complaint in that action. The complaint states that on September 28, 2015, the decedent was operating a truck and trailer in Melbourne, Brevard County, Florida, when the trailer became unattached from the truck, or otherwise inoperable, in the middle of the roadway in the pre-dawn hours of the morning. The truck and

Case 6:19-cv-01444-CEM-DAB   Document 90   Filed 03/15/23   Page 6 of 11 PageID 930
USCA11 Case: 22-10067   Document: 50-1   Date Filed: 03/15/2023   Page: 4 of 9

4                    Opinion of the Court                    22-10067

trailer were in the roadway while the decedent tried to reattach the trailer to the truck so it could be removed from the roadway. Another individual assisted the decedent with reattaching the trailer and or directing traffic; however, at 6:50 a.m., a vehicle struck the trailer, pinning the decedent between the trailer and truck, causing his death.

The decedent worked for the insured at the time of the accident, and the vehicle and trailer he was operating were owned by the insured. The insured had a Policy with Nationwide that was in effect at the time of the incident. After the Wolfes filed the wrongful death action in state court, Nationwide sought, in federal court, a declaration as to its duties under the Policy. Nationwide asserted that two policy exclusions applied that released it from any duty to defend or indemnify: the Employers Liability Exclusion and the Aircraft, Auto or Watercraft Exclusion. The district court found that the Auto Exclusion applied and granted summary judgment to Nationwide. The Wolfes challenge that ruling on appeal.

### III.

A. *Motions*

The Wolfes assert that the district court abused its discretion by denying their motion to strike due to Nationwide's failure to provide the proper Rule 26 disclosures under the Federal Rules of Civil Procedure. The Wolfes assert that Nationwide violated Rule 26 by not disclosing, in part, its Request for Admissions, including the responses by the insureds, the Wolfes' Second Amended

22-10067               Opinion of the Court               5

Complaint in the underlying action, the Policy at issue, and a financial report from Southland.  A review of the record indicates that the district court did not abuse its discretion in this regard because the discovery requests and responses were not subject to disclosure under Rule 26.

Further, the record demonstrates that the district court did not rely on the Requests for Admission in granting summary judgment to Nationwide, finding that the allegations in the underlying complaint controlled.  To the extent the Second Amended Complaint in the underlying litigation was subject to Rule 26, it was filed by a lawyer in the same office as the lawyer who represents the Wolfes in the instant case; thus, the Wolfes had access to it.  It was also attached as an exhibit to the Second Amended Petition for Declaratory Relief and Decree, which was served on the Wolfes.  Assuming the Policy was subject to disclosure, the insurance policy was attached as an exhibit to the Second Amended Petition for Declaratory Relief and Decree, which was served on the Wolfes months before Nationwide filed its Motion for Summary Judgment.  In sum, we conclude the Wolfes cannot demonstrate any abuse of discretion by the district court in its ruling nor can they demonstrate any prejudice; thus, we affirm the district court's order on the motion to strike.

The Wolfes also assert that the district court abused its discretion by denying their motion in limine to bar the use of the accident report that Nationwide used in support of its motion for summary judgment.  The record demonstrates, however, that

Case 6:19-cv-01444-CEM-DAB   Document 90   Filed 03/15/23   Page 8 of 11 PageID 932
USCA11 Case: 22-10067   Document: 50-1   Date Filed: 03/15/2023   Page: 6 of 9

6                    Opinion of the Court                    22-10067

Nationwide did not use the accident report in their motion for summary judgment. The accident report was attached to all three Requests for Admissions as a definitional aide. Further, the district court apparently did not rely on the accident report in its ruling on the motion for summary judgment because there is no mention of the report in its order. Because the Wolfes cannot demonstrate any abuse of discretion by the district court in this regard, we affirm its order on the motion in limine.

B. *Summary Judgment*

The Wolfes contend that the district court erred in granting Nationwide's motion for summary judgment because it misapplied the law and facts in the light most favorable to Nationwide to find that the auto exclusion in the Policy applies to release Nationwide from its duty to defend and indemnify. The Wolfes argue that the district court erred by not finding that the trailer that detached from the decedent's vehicle was "mobile equipment" that is not included under the Policy's definition of auto. The record demonstrates that the Wolfes did not present sufficient evidence to the district court to prove that the trailer was exempt from the Policy's auto exclusion. Thus, we conclude that the district court did not err in granting summary judgment to Nationwide.

The pertinent Policy provision provides, in part:

g. Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to

Case 6:19-cv-01444-CEM-DAB   Document 90   Filed 03/15/23   Page 9 of 11 PageID 933
USCA11 Case: 22-10067   Document: 50-1   Date Filed: 03/15/2023   Page: 7 of 9

22-10067               Opinion of the Court                7

others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

(R. Doc. 45-5).

The district court noted that the definition of "auto" includes "[a] land motor vehicle, **trailer** or semitrailer designed for travel on public roads, including any attached machinery or equipment." (emphasis added). It also found that the Policy stated that "Use" includes operation and loading or unloading. (R. Doc. 79). The district court found it undisputed that the decedent's death was a bodily injury. It then proceeded to determine if his death arose out of the ownership, maintenance, use or entrustment to others of any "auto" owned, operated by, or rented to or loaned to any insured. The district court concluded that it did.

The district court's reasoning is sound under *Taurus Holdings, Inc. v. U.S. Fid. And Guar. Co.*, 913 So. 2d 528, 539 (Fla. 2005). (holding that the term "arising out of" is not ambiguous and should

Case 6:19-cv-01444-CEM-DAB   Document 90   Filed 03/15/23   Page 10 of 11 PageID 934
USCA11 Case: 22-10067   Document: 50-1   Date Filed: 03/15/2023   Page: 8 of 9

8                    Opinion of the Court                    22-10067

be interpreted broadly). The district court considered the term broadly and reasoned that the decedent's death had a connection to his attempts to reconnect the trailer because those attempts are what placed him between the trailer and the truck when the vehicle struck the trailer. The Wolfes contend that the district court did not follow *Frontier Ins. Co. v. Pinecrest Preparatory Sch. Inc.*, 658 So. 2d 601, 602-03 (Fla. Dist. Ct. App. 1995), but that case is not factually applicable. *Frontier* did not involve a trailer used commercially on the roadway; rather, it involved a trailer used as a playground tram for youth campers that stayed on the insured's premises. *Id.* at 603. The court found that the trailer was "mobile equipment" under the policy because it stayed on the insured's premises. *Id.*

The Wolfes offer no persuasive legal authority to support reversal of the coverage determination made by the district court. The trailer involved here was expressly defined in the Policy as an "auto" and, considering the factual circumstances pled in the underlying complaint, the trailer clearly did not fall within the policy definition of "mobile equipment" as urged by the Wolfes. The district court properly utilized facts pled in the complaint in the underlying litigation and the language of the Nationwide Policy to conclude, as a matter of law, that Nationwide owed no duty to defend its insureds in the underlying litigation or to indemnify its insureds for the Wolfes' wrongful death action.

Accordingly, based on the aforementioned reasons, we affirm the district court's orders on the motion to strike and motion

Case 6:19-cv-01444-CEM-DAB   Document 90   Filed 03/15/23   Page 11 of 11 PageID 935
USCA11 Case: 22-10067   Document: 50-1   Date Filed: 03/15/2023   Page: 9 of 9

22-10067               Opinion of the Court                9

in limine and affirm its order granting summary judgment to Nationwide on its declaratory judgment action.

**AFFIRMED**.